**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-CV-60641-STRAUSS**

**JONATHAN BENITEZ GONZALEZ,**

       Plaintiff,

v.

**JOE BIDEN** et al.**,**

       Defendants.

_____/

## <u>ORDER DENYING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* AND MOTION FOR REFERRAL TO VOLUNTEER ATTORNEY PROGRAM</u>

**THIS MATTER** came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion") and Plaintiff's Motion for Referral to Volunteer Attorney Program [DE 4] (the "Referral Motion").  For the reasons described below, the IFP Motion and Referral Motion are **DENIED**.  Plaintiff must file an amended complaint no later than **March 30, 2026**, because the Complaint, upon initial screening, fails to state a claim upon which relief could be granted.

    **I.**      **IFP MOTION**

In the IFP Motion, Plaintiff seeks to proceed without prepaying fees and costs.  *See* [DE 3] at 1.  Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security.  28 U.S.C. § 1915(a)(1).  The granting of a motion to proceed *in forma pauperis* is discretionary.  *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983).  "When considering a motion filed under Section 1915(a), '[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty.'"  *Raftery v. Vt. Student Assistance Corp.*, 2016 WL

11579801, at *1 (M.D. Fla. Feb. 17, 2016) (quoting *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004)). "[A]n affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307. A plaintiff, however, need not be "absolutely destitute." *Id.* Accordingly, a court must compare "the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Here, Plaintiff has not represented that he, because of his poverty, cannot pay court fees and costs while still covering necessities for himself and his dependents. Plaintiff represents that he makes $25,000 per month from employment, $12,000 per month from income from real property, $19,790 per month from interests and dividends, and $5,000 from child support. [DE 3] at 1-2. Plainly, the sum of these amounts far exceeds the poverty requirement. Even though the information provided conflicts at points (e.g., Plaintiff later lists his total monthly income as zero dollars), the Court cannot find with any confidence that Plaintiff meets the poverty threshold by representing that he has such a substantial monthly income. Plaintiff also represents that he owns substantial assets, including a $2,000,000 home, a $120,000 vehicle, and another $80,000 vehicle. Again, even though Plaintiff later includes some conflicting information, *see id.* at 4-5 (indicating Plaintiff has no monthly expenses), the Court cannot allow Plaintiff to proceed *in forma pauperis* with the information provided, especially considering that the IFP Motion is unsigned, *id.* at 1. Therefore, the IFP Motion is due to be denied.

## II.     INITIAL SCREENING OF COMPLAINT

Additionally, the screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*. Under that statute, "the court shall dismiss the case at

any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal.  However, rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff with an opportunity to file an amended complaint to see if Plaintiff can rectify the Complaint's deficiencies.  Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.

Plaintiff's Complaint is deficient because it is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland*, 792 F.3d at 1323.  One type of shotgun pleading occurs when the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  *Id.* at 1322.  Another type occurs when the complaint fails to separate each cause of action or claim for relief into different counts.  *Id.* at 1323.  A third type occurs when the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.*

3

Here, the Complaint falls under all three of these categories.  It purports to bring claims against former Presidents Joe Biden and Barack Obama, former Vice President Kamala Harris, six former cabinet secretaries, a former U.S. senator, a U.S. Army general, four state judges, a retired U.S. magistrate judge, several Broward County officials, the Governor of California, CEOs of five companies, and various other individuals.  To the extent the 300-plus pages of the Complaint and its attachments contain any factual allegations, they are replete with conclusory assertions unsupported by any factual detail.  Moreover, the complaint fails to separate Plaintiff's claims into separate counts.  Specifically, for nearly all Defendants, Plaintiff fails to allege in any clear fashion what they have actually done.  And the allegations that are present fail to frame any cognizable cause of action.  In short, the Complaint would leave Defendants totally unable to frame a responsive pleading and thus constitutes a classic shotgun pleading that fails to fairly advise the defendants of the allegations against them.

The Complaint also suffers from various substantive problems.  For example, in a prior order dismissing a previous case of Plaintiff's, retired U.S. Magistrate Judge Alicia Valle (who is now Defendant Valle) noted that state and federal judges are generally entitled to absolute immunity from acts taken in a judicial capacity. *See Benitez Gonzalez v. Odom*, No. 25-CV-61119, DE 10 at 3-5 (S.D. Fla. July 21, 2025) ("[U]nder Florida and federal law, judges are entitled to absolute judicial immunity from damages for acts taken in their judicial capacity unless they act in the absence of all jurisdiction.").  Nevertheless, Plaintiff's Complaint pursues claims against some of those same defendants now.

The Complaint also contains many paragraphs that are in Spanish only, whereas some parts of the Complaint contain parts in Spanish with English translations interspersed.  Since it appears from his filings that Plaintiff can write in English, his amended complaint should be written in

4

English to ensure that the Court and Defendants are able to fully understand Plaintiff's allegations. *See Ramirez-Solorio v. United States*, No. 111CR0264ATJFK3, 2017 WL 2350209, at *1 (N.D. Ga. May 31, 2017) ("Federal Court filings must be in English, and documents written in another language must be filed with a translation." (citing *United States v. Rivera Rosario,* 300 F.3d 1, 5 (1st Cir. 2002))).  Plaintiff must also partially redact social security numbers and other sensitive information in *each* place he lists it in an amended complaint, as set out in the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 5.2(a).

These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint.  Because of the Complaint's deficiencies, the Court will require Plaintiff to file an amended complaint.  Plaintiff must rectify any deficiencies with his Complaint, including those outlined above.

More generally, in preparing his amended complaint, Plaintiff should ensure that he complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[1]  In accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought,

---

[1] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  Moreover, *pro se* litigants are required to comply with procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

which may include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).

Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels

and conclusions"; a "formulaic recitation of the elements of a cause of action will not do."  *Bell*

*Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a

right to relief above the speculative level" and must be sufficient "to state a claim to relief that is

plausible on its face."  *Id.* at 555, 570.  "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.    REFERRAL MOTION

"A plaintiff in a civil case has no constitutional right to counsel."  *Bass v. Perrin*, 170 F.3d

1312, 1320 (11th Cir. 1999).  And appointment of counsel in civil cases is usually reserved for

exceptional circumstances.  *See id.*  Plaintiff has not provided any exceptional circumstances, and

none can be gleaned from the Complaint.  The Complaint is a shotgun pleading that does not enable

the Court to evaluate whether the legal claims are straightforward or exceedingly complicated.

Moreover, Plaintiff has not yet satisfied the poverty requirement to proceed in *forma pauperis*.

Therefore, the Referral Motion is due to be denied.

### CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1.    Plaintiff's IFP Motion [DE 3] is **DENIED**.

2.    Plaintiff's Referral Motion [DE 4] is **DENIED**.

3.    No later than **March 30, 2026**, Plaintiff shall file an amended complaint in

accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with

Plaintiff's current complaint).  Failure to do so may result in dismissal of this action without further notice.

      **DONE AND ORDERED** in Fort Lauderdale, Florida, this 9th day of March 2026.

Jared M. Strauss
United States Magistrate Judge